UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. TURNER (#240812)

VERSUS

HOWARD PRINCE, ET AL

CIVIL ACTION

NUMBER 12-146-FJP-SCR

RULING

Petitioner, Michael D. Turner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging his 1994 state court conviction and sentence on charges of aggravated rape. A review of this court's records showed that petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence: *Michael Turner v. Burl Cain*, CV 02-392 (M.D. La.). The petition for writ of habeas corpus was dismissed with prejudice as time-barred. Petitioner appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit denied COA.

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was

previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court may not proceed. Therefore, the petition shall be dismissed.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March __18__, 2012.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE

2